This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**CORDELIA ABRAM, Deceased,**
**by the Personal Representative for**
**the Wrongful Death Estate, MAE**
**ROSE LOPEZ,**

Plaintiff-Appellee,

v.                                                              **No. 31,850**

**PALOMA BLANCA HEALTH CARE**
**ASSOCIATES, L.L.C. d/b/a PALOMA**
**BLANCA HEALTH and REHABILITATION,**
**L.L.C., ALPHA HEALTH CARE INVESTORS,**
**PROPERTIES, L.L.C., OMEGA HEALTHCARE**
**INVESTORS, INC., SHORELINE HEALTHCARE**
**MANAGEMENT, L.L.C., CENTENNIAL**
**HEALTHCARE MANAGEMENT CORPORATION,**

Defendants,

and

**SKILLED HEALTHCARE GROUP, INC.,**
**SKILLED HEALTHCARE, L.L.C., CANYON**
**TRANSITIONAL HEALTHCARE and**
**REHABILITATION CENTER, L.L.C., and**
**ADMINISTRATOR, ANMARIE DVORAK,**

Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**C. Shannon Bacon, District Judge**

Harvey Law Firm
Dusti D. Harvey
Jennifer J. Foote
Albuquerque, NM

for Appellee

Rodey, Dickason, Sloan,
Akin & Robb, P.A.
W. Robert Lasater, Jr.
Sandra L. Beerle
Jocelyn Drennan
Albuquerque, NM

for Appellants

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}     Defendants Skilled Healthcare Group, Inc., Skilled Healthcare, L.L.C., Canyon Transitional Healthcare and Rehabilitation Center, L.L.C., and Administrator AnMarie Dvorak appeal the district court's denial of their motion to compel arbitration. As relevant to this appeal, the district court had determined that the arbitration agreement entered between Plaintiff Mae Rose Lopez on behalf of her mother, Cordelia Abram,

and Defendants was void as substantively unconscionable and that the offending terms of the agreement could not be severed. We affirm.

**SUBSTANTIVE UNCONSCIONABILITY**

{2}     The parties signed the arbitration agreement as an attachment to the admission agreement the day after Plaintiff's mother moved into the Canyon Transitional Healthcare and Rehabilitation Center. The arbitration agreement expressed the parties' desire to resolve disputes through alternative dispute resolution. It stated that the parties "relinquish their right to have any and all disputes associated with this [a]rbitration [a]greement and the relationship created by the [a]dmission [a]greement and/or the provision of services under the [a]dmission [a]greement [including claims for negligent or inadequate care] resolved through a lawsuit[.]" The arbitration agreement stated that it did "not apply to either the [f]acility or the [r]esident in any disputes pertaining to collections or discharge of residents."

{3}     Our Supreme Court has addressed the issue of substantative unconscionability in connection with arbitration agreements in *Rivera v. American General Financial Services, Inc.*, 2011-NMSC-033, 150 N.M. 398, 259 P.3d 803, and *Cordova v. World Finance Corp. of New Mexico*, 2009-NMSC-021, 146 N.M. 256, 208 P.3d 901. In *Cordova*, the Court explained that "[u]nconscionability is an equitable doctrine, rooted

3

in public policy, which allows courts to render unenforceable an agreement that is unreasonably favorable to one party while precluding a meaningful choice of the other party." 2009-NMSC-021, ¶ 21. With respect to substantive unconscionablity, the Court stated that the issue determination depended "on such issues as whether the contract terms are commercially reasonable and fair, the purpose and effect of the terms, the one-sidedness of the terms, and other similar public policy concerns." *Id.* ¶ 22. It considered contract provisions to be substantively unconscionable if they unreasonably benefit one party over another. *Id.* ¶ 25. In *Rivera*, our Supreme Court held that an arbitration agreement that precluded a debtor from enforcing any right in court while permitting the creditor access to the courts to pursue foreclosure and repossession, its likeliest claims, was "unreasonably one-sided" and substantively unconscionable. 2011-NMSC-033, ¶¶ 53-54.

{4} Defendants argue in their brief in chief that the district court misapplied *Rivera* and *Cordova* by interpreting them too narrowly. We address their argument under de novo review because it raises a question of law. *See Cordova*, 2009-NMCS-021, ¶ 11 (noting that the issues of compelling arbitration and unconscionability present questions of law subject to de novo review). Since the district court's order, this Court has interpreted *Rivera* and *Cordova* in the context of nursing home arbitration agreements. *See Ruppelt v. Laurel Healthcare Providers, LLC*, 2013-NMCA-014,

4

293 P.3d 902, *cert. denied*, *Ruppelt v. Meadows*, 2013-NMCERT-__, 299 P.3d 422; *Bargman v. Skilled Healthcare Group, Inc.*, 2013-NMCA-006, 293 P.3d 1, *cert. granted*, 2013-NMCERT-__, 299 P.3d 423; *Figueroa v. THI of N.M. at Casa Arena Blanca LLC*, 2012-NMCA-__, __ P.3d __ (No. 30,477, July 18, 2012), *cert. denied*, 2012-NMCERT-010, 297 P.3d 332.

{5}     The arbitration agreements in this Court's cases contained the same or similar arbitration provisions as presented in this case; they required arbitration of all claims except those of "collections or discharge of residents." *Bargman*, 2013-NMCA-006, ¶ 4; *see also Ruppelt*, 2013-NMCA-014, ¶ 3; *Figueroa*, 2012-NMCA-__, ¶¶ 2, 26. *Figueroa* also excepted guardianship proceedings. 2012-NMCA-__, ¶ 2, 26. We stated in *Figueroa*, and repeated in *Bargman*,

> [w]hile we agree that arbitration obligations do not have to be completely equal, and that parties may freely enter into reasonable agreements to exempt certain claims from arbitration, we refuse to enforce an agreement where the drafter unreasonably reserved the vast majority of [its] claims for the courts, while subjecting the weaker party to arbitration on essentially all of the claims that party is likely to bring.

*Figueroa*, 2012-NMCA-__, ¶ 30; *see Bargman*, 2013-NMCA-006, ¶ 15. We held in *Ruppelt* and *Figueroa* that, despite the ability of residents to bring collections or discharge claims in court, the arbitration agreements were substantially unconscionable because they excluded from arbitration the claims most likely to be brought by the health care facility while requiring arbitration of the claims most likely

5

to be brought by residents. *Ruppelt*, 2013-NMCA-014, ¶¶ 16, 18; *Figueroa*, 2012-NMCA-__, ¶ 30.

{6}    In *Bargman*, we agreed with the principles set forth in *Ruppelt* and *Figueroa*, but differed in our result. The parties had agreed that federal and state law removed resident-discharge-related issues from arbitration agreements. *Bargman*, 2013-NMCA-006, ¶ 18. We stressed that our case law demands that substantive unconscionability be addressed on a case-by-case basis. *Id.*; *see also Figueroa*, 2012-NMCA-__, ¶ 13. We further stressed that the nursing homes in *Ruppelt* and *Figueroa* did not offer evidence "tending to prove that it was not unreasonable or unfair to except certain claims from arbitration even if they were claims most likely to be pursued by the" nursing home. *Bargman*, 2013-NMCA-006, ¶ 17.

{7}    In *Bargman*, the nursing home requested on appeal that we remand to the district court to enable it to develop an evidentiary record. *Id.* ¶ 23. *Bargman* was decided by the district court before *Rivera*, *Ruppelt*, and *Figueroa*. *Bargman*, 2013-NMCA-006, ¶¶ 10, 12. We therefore remanded to the district court for the nursing home to present evidence that it was not unreasonably or unfairly one-sided for the arbitration agreement to exclude collection claims from arbitration. *Id.* ¶ 24.

{8}    In this case, Defendants did not have the benefit of *Ruppelt* and *Figueroa* before filing their reply brief, and *Bargman* was decided after briefing. *Rivera* was decided

6

after briefing in the district court, but more than two months before argument. In their brief in chief, Defendants argue that the district court applied *Rivera* too narrowly to their motion to compel. They develop this argument in the reply brief in response to *Ruppelt* and *Figueroa* that a court's substantive unconscionability analysis cannot be "narrow" or "formulaic" and must consider reasonable justifications for exceptions to arbitration. Defendants would require an evidentiary hearing if the district court could not resolve the issue from the briefing.

**{9}** We agree with Defendants' position as to the proper approach for addressing a substantive unconscionability claim. The approach must be conducted on a case-by-case basis, analyzing the individual contract to determine whether it is unfairly and unreasonably one-sided toward the drafter's position. *Figueroa*, 2012-NMCA-__, ¶ 13. Consideration must be given to whether there is a reasonable justification for an exception to arbitration. *Ruppelt*, 2013-NMCA-014, ¶ 17. We also agree with Defendants' position that the district court should hold an evidentiary hearing as necessary to address an issue concerning the reasonableness of such an exception. *Bargman*, 2013-NMCA-006, ¶ 24.

**{10}** However, we do not believe that the district court erred in its approach to this case. It interpreted *Rivera* and *Cordova* to focus the inquiry concerning one-sidedness on the claims most likely to be brought by the parties. Defendants argued that the

7

arbitration agreement, in its entirety, applied evenhandedly to the parties and that the exceptions were reasonable and applied bilaterally. In particular, Defendants argued that the exceptions were reasonable in view of the simplicity and relative costs of collection claims, Defendants' payment of arbitration fees, and the efficiency of the process. Defendants did not present evidence or request an evidentiary hearing. The district court apparently considered and rejected Defendants' arguments. *Ruppelt* and *Figueroa* bear out this conclusion.

{11} The remaining issue for us therefore is whether, based on *Bargman*, we should remand for an evidentiary hearing on whether there is a reasonable basis for the exclusions from the arbitration agreement. In *Bargman,* we observed that, as in this case, the defendant's arguments concerning the reasonableness of the collections exclusion from the arbitration agreement were not supported by evidence in the record. 2013-NMCA-006, ¶ 23. The defendant specifically requested a remand to develop an evidentiary record in its appellate briefing. *Id.* We ordered the remand because, when the case was before the district court, "*Rivera*, *Figueroa*, and *Ruppelt* had not been decided and the burden of proof was not all that clearly determined, and also because it is unclear that the district court would have considered evidence[.]" *Bargman*, 2013-NMCA-006, ¶¶ 23-24. In this appeal, Defendants specifically request that this Court reverse the district court's ruling. They state that "[i]f the Court

concludes that the district court took the incorrect analytical approach, the proper course would be to reverse the district court's substantive unconscionability ruling and to remand the case for further proceedings under the correct approach."

{12}     We do not consider this case to be in the same posture as *Bargman*.  Although *Figueroa* and *Ruppelt* had not been decided, the parties argued *Rivera* to the district court.  At least in part, *Rivera* is the basis for the decisions in *Ruppelt* and *Figueroa*.  *See Ruppelt*, 2013-NMCA-014, ¶¶ 12, 16; *Figueroa*, 2012-NMCA-__, ¶¶ 24-25.  Moreover, Defendants did not seek to present evidence in support of their arguments or, in light of *Strausberg v. Laurel Healthcare Providers, LLC*, 2012-NMCA-006, 269 P.3d 914, *cert. granted*, 2013-NMCERT-__, 291 P.3d 599, which had been recently decided and was discussed at the hearing on the motion, request the opportunity for an evidentiary hearing.

**CONCLUSION**

{13}     We affirm the denial of Defendants' motion to compel arbitration.

{14}     **IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Chief Judge**

_____

**MICHAEL E. VIGIL, Judge**